## HOOPER et al. v. KUNKLER TRANSP. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. October 20, 1924.)

### No. 4302.

1. **Maritime liens** ⬅️═52—**Where libelant consented to alternative condition in bond, lien continued and surety was exonerated on redelivery; "abide by."**

Under Comp. St. § 1567, and rule 12 of Supreme Court Admiralty Rules, where libelant consented to alternative condition in bond of claimant to pay award or to redeliver ship, lien on ship continued, and surety was exonerated by redelivery of ship, though it was also condition of bond that obligors were to "abide by" judgment or order, which could not have imported payment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abide by.]

2. **Admiralty** ⬅️═57—**That ship seized on second libel before marshal ordered to accept redelivery under bond did not affect tender of delivery by claimant.**

Where bond of claimant contained alternative condition to pay award or to redeliver ship to marshal, and marshal refused redelivery when tendered, and before court's order was made that he accept redelivery he seized ship under another libel, condition to redeliver was performed, as valid tender discharged obligors.

3. **Admiralty** ⬅️═57—**Bond conditioned to redeliver ship considered as performed, where marshal seizes ship under another libel.**

Where ship was delivered to claimant under bond conditioned to pay award or to redeliver ship, and marshal later seized ship under another libel filed by another lienor, and retained it by court's order to satisfy all liens, condition in bond for redelivery must be taken as performed, so that obligors are discharged.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Proceedings in admiralty by C. R. Hooper, doing business as the Hooper Manufacturing Company, and others, to enforce maritime liens on the ship Dauntless; the Kunkler Transportation Company, claimant, and the Fidelity & Deposit Company of Maryland, surety. Decree for lienholders for insufficient relief, and they appeal. Affirmed.

In the beginning, appellants severally had maritime liens upon the ship Dauntless. A libel was filed to enforce one of them, and the marshal seized the ship. Thereupon libelant and claimant agreed that the ship

could be, as it was, delivered to claimant upon a bond, approved by the court, in less than double libelant's claim and conditioned as follows: "The condition of the above obligation is such, however, that if the above-bounden principal shall either pay any judgment and abide by any and all orders and decrees made by said court in the above-entitled cause, or in lieu thereof shall redeliver said vessel, with her tackle, apparel, and furniture, into the possession of the said marshal, and abide by any such judgment as the same may be rendered, or any orders as the same may be made, then this obligation be void; otherwise, to be and remain in full force and effect."

Later the obligors tendered the ship to the marshal, who refused to receive her. The next day the parties stipulated that the court might order the marshal to receive the ship, but without prejudice to their rights. On the same day the ship was libeled and by the marshal seized to enforce another of the liens. A week later the court made the order aforesaid.

The other liens were asserted by intervention, and all were consolidated and tried. Decree went for libelants, the surety was exonerated, and the ship sold for about 40 cents on the dollar of recoveries. All libelants join in this appeal, and the parties stipulate that "the sole and only question involved on appeal is the decision of the court that the surrender of the vessel by the claimant satisfied and discharged the delivery bond executed by the claimant and the Fidelity & Deposit Company of Maryland."

Philip D. MacBride, Hastings & Stedman, Stratton & Kane, Herr, Bayley & Croson, and Byers & Byers, all of Seattle, Wash., for appellants.

Grinstead, Laube & Laughlin and Hartman & Hartman, both of Seattle, Wash., for appellees.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

BOURQUIN, District Judge (after stating the facts as above). [1] Appellants' first contention is that the condition for redelivery of the ship is invalid and that the bond can be exonerated only by payment of the recoveries. In support of this they appeal to Comp. Stat. § 1567, and to rule 12, Supreme Court Admiralty Rules, which provide that a claimant may recover possession of the vessel upon bond in double the amount of libelant's claim, and conditioned to answer the decree and to abide by and pay the money by it awarded. Their argument is that thus only can claimant secure delivery of the ship; that delivery extinguishes the lien, the court loses jurisdiction over the ship, and it cannot be again arrested for the same cause, nor the court revested with jurisdiction of it by order, by consent or otherwise; and that the invalid condition for redelivery should be rejected as surplusage.

Had claimant sought delivery of the ship without libelant's consent, as the statute enables to be done, it must have given bond in compliance with the statute. In that event it may be assumed that appellants' contention in the main would be sound. But claimant proceeded otherwise and upon agreement with libelant. The latter consented to the alternative condition in the bond to pay the award or to redeliver the ship.

The consequence is that, instead of the lien extinguished by bond filed, as it would be, had claimant pursued the statutory method, the lien continued to attach to the ship after delivery to claimant, as it attached before seizure by libelant. In this is nothing prohibited by or contrary to statute, rule, or principle. Statute and rule do not purport to be exclusive, to interfere with liberty of contract, or to restrict the freedom of the parties to agree as they will in respect to maritime liens. That in this case the parties actually intended to continue the lien upon the ship while in the possession of claimant is nowhere denied and clearly appears. The effect on rights accruing subsequent to delivery to claimant is not involved. Although counsel have cited no like case, a like bond was unquestioned in The Two Marys (D. C.) 16 F. 699.

Appellants further contend that in any event the second contingency of the condition is not only to redeliver the ship, but is also to abide by the judgment or order, and that this imports payment. Although to abide by a judgment generally means to pay the money awarded, obviously that was not the intent of the parties to this bond. The same phrase appears in the first contingency of the condition as an addition to the option to pay the judgment. In the first contingency it can be interpreted as a synonym of to pay. In the second, thus taken (that is, to pay the judgment in addition to redelivering the ship), it is unenforceable and absurd.

What the parties had in mind, their dominant thought, and their intent, are plainly expressed by their language, viz. to pay or

to redeliver, words of common usage and of unmistakable meaning. That to both alternatives they appended the technical term, "and abide by" the judgment, indicates some other meaning than to pay, or inadvertence, or that fatal propensity to avoid simple brevity, to uselessly multiply words, and to improvidently resort to technical terms, that too often affects draftsmen and others, confuses documents, conceals intent, and incites or prolongs litigation. The phrase must be assigned some other meaning than to pay, as it reasonably can be, or it must be rejected as inconsistent, contradictory, repugnant, unreasonable, unenforceable, and surplusage.

[2] In so far as redelivery of the ship is concerned, appellants only faintly suggest that, since upon the second libel the ship had been seized by the marshal before the court's order was made that lie accept redelivery of her from the obligors, the condition to redeliver was not performed. To this it may be answered that in fundamentals maritime law is like other law, and that in general a valid tender of specific property discharges the obligors. See cases 32 Cyc. 173; 38 Cyc. 159, 165. That consequence attached to the obligors' tender of redelivery of the ship, made before the said seizure.

[3] Furthermore, in the seizure the ship came to the marshal in the same condition as held, and to be redelivered by the obligors, viz. subject to the first libelant's lien and to all others. Hence the marshal took the ship, and retained it by the court's order, and otherwise to satisfy the first and all liens, and whether as redelivery from the obligors, or as a new and different seizure, the consequences are the same. Libelant secures all that the bond assured to it, and by virtue of the equitable principles that inhere in admiralty the condition of the bond is taken as performed, and the obligors are discharged.

The decree is affirmed.